**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TAYLOR PIERRE,** | § | **CASE NO.** _____ |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **JUDGE** |
| | § | |
| **AXIOS INDUSTRIAL MAINTENANCE** | § | |
| **CONTRACTORS, INC.** | § | |
| | § | **MAGISTRATE JUDGE** |
| **Defendant.** | § | |

<u>**NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b) and 1446, Defendant Axios Industrial Maintenance Contractors, Inc., ("Axios") hereby files this Notice of Removal from the 23rd Judicial District Court, in and for St. James Parish, Louisiana, in which the action is now pending under Case No. 42447, to the United States District Court for the Eastern District of Louisiana, and respectfully state as follows:

## I.    <u>PROCEDURAL BACKGROUND</u>

On September 19, 2024, Plaintiff Taylor Pierre commenced this action by filing a petition (the "Petition") in the 23rd Judicial District Court in and for St. James Parish, Louisiana, Case No. 42447, styled *Taylor Pierre v. Axios Industrial Maintenance Contractors, Inc.* (the "State Court Action"). In the State Court Action, Plaintiff alleges employment discrimination in the form of of sexual harassment, sex-based discrimination, and retaliation based on sex purportedly in violation of La. R.S. 23:301 *et seq*.

On September 25, 2024, Axios was served with the Citation and Petition through its registered agent for service of process. A copy of the Citation and Petition are included in the Record of Pleadings, attached hereto as ***Exhibit A***. This Notice of Removal is timely filed within

139117163v.2

30 days of service of the Citation and Petition.  See 28 U.S.C. § 1446(b).

## II.    GROUNDS FOR REMOVAL

This suit is a civil action over which this Court has original subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 (diversity jurisdiction), and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, is between citizens of different states, and the defendant is not a citizen of the forum state. 28 U.S.C. §§ 1332, 1441(b)(2).

### A.    Citizenship of the Parties.

The Petition alleges that Plaintiff is a resident of St. James Parish, Louisiana.  *See Exhibit A*, Petition at ¶ 1.

Axios is a corporation.  *See Exhibit B*, Certificate of Amendment for Industrial Maintenance Contractors, Inc. ("Axios Certificate of Amendment") Corporations are citizens of their principal place of business and their place of incorporation.  *See* 28 U.S.C. § 1332(c)(1); *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd.*, 757 F.3d 481, 484 (5th Cir. 2014).  The term "principal place of business" is the place where the corporation's officers direct, control, and coordinate the corporation's activities, i.e., the nerve center.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  A corporation's nerve center is usually a main headquarters.  *Id.*

Axios is organized under the laws of the State of Texas.  *See Exhibit B*, Axios Certificate of Amendment.  Axios's officer's direct, control, and coordinate its activities from its headquarters in The Woodlands, Texas.  *See Exhibit C*, Affidavit of Melissa Collins ("Collins Aff.") ¶ 3. Therefore, Axios is a citizen of the State of Texas.

As such, Axios is not a citizen of the State of Louisiana and has diverse citizenship from

139117163v.2

Plaintiff.

B.    **Amount in Controversy.**

In the Petition, Plaintiff demands monetary damages for lost wages and benefits, loss of earning capacity, severe mental anguish and emotional distress, personal physical injuries, bodily injuries, past and future medical and psychological expenses, humiliation, embarrassment, and attorneys' fees.  *See **Exhibit A***, Petition at ¶¶ 11 and 18.

Plaintiff alleged that when she began working, her schedule was four (4) days per week, ten (10) hours per day, with overtime hours on Friday.  *Id.* at ¶ 2.  Plaintiff further alleged that her schedule changed to seven (7) days per week, twelve (12) hours per day.  *Id.* at ¶ 6.  Therefore, Plaintiff alleges that her workweek was eighty-four (84) hours per week.  At all times during Plaintiff's employment, Axios compensated her at a rate of $21 per hour.  ***Exhibit C***, Collins Aff., ¶ 4.  Based on the number of hours Plaintiff alleged she worked per week while employed with Axios and fifty (50) workweeks per year, her annualized base salary was $111,300.  Therefore, Plaintiff's damages for lost wages and benefits and lost earning capacity alone exceed $75,000.

Although Axios strongly denies that Plaintiff is entitled to damages at all, let alone in this range, considering the additional forms of relief Plaintiff seeks, including but not limited to attorneys' fees, which Plaintiff would be entitled to if she prevails at trial (La. R.S. §23:303(A)), it is undeniable that on the face of Plaintiff's Petition, the amount in controversy significantly exceeds the $75,000 threshold required for diversity jurisdiction.

In sum, the amount in controversy here clearly exceeds the sum or value of $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

C.    **Venue.**

The State Court Action is properly removed to this Court, as the State Court Action is

3

139117163v.2

pending within this district and division. 28 U.S.C. §§ 98(a), 1441, 1446(a).

### III.    ADOPTION AND RESERVATION OF DEFENSES

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Axios's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) failure to state a claim; or (2) any other pertinent defense available under Fed. R. Civ. P. 12, or any state or federal statute.

In the event the Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Axios respectfully requests the opportunity to submit additional arguments or evidence in support of removal as may be necessary.

### IV.    CONCLUSION

Removal of this case is timely and appropriate, and this Court has diversity jurisdiction over this action.  Axios Industrial Maintenance Contractors, Inc. respectfully requests that this Court take jurisdiction over this matter and remove this action from the 23rd Judicial District Court in and for Saint James Parish, Louisiana, to the United States District Court for the Eastern District of Louisiana.

Dated: October 16, 2024              Respectfully submitted,

**LOCKE LORD LLP**

*/s/ Bradley C. Knapp*

Bradley C. Knapp (#35867)
LOCKE LORD LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone (504) 558-5100
Facsimile (504) 558-5200
bknapp@lockelord.com

139117163v.2

J. Michael Rose
LOCKE LORD LLP
Texas State Bar No. 24041819
(*pro hac vice* forthcoming)
Akilah F. Craig
(*pro hac vice* forthcoming)
Texas State Bar No. 24076194
2800 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
(713) 226-1200 (Telephone)
(713) 223-3717 (Telecopy)
Email:  mrose@lockelord.com
        akilah.craig@lockelord.com

**COUNSEL FOR DEFENDANT, AXIOS INDUSTRIAL MAINTENANCE CONTRACTORS, INC.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading has been served upon all counsel of record via electronic transmission, facsimile, or U.S. Mail this 16th day of October, 2024.

Jill L. Craft
W. Brett Contrad, Jr.,
329 Saint Ferdinand Street
Baton Rouge, Louisiana 70802
Email:  jcraft@craftlaw.net
        bconrad@cradtlaw.net

*/s/ Bradley C. Knapp*
Bradley C. Knapp

139117163v.2