UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAYLOR PIERRE,<br>*Plaintiff* | CIVIL ACTION<br>NO. 24-2484 |
| VERSUS | SECTION: "R" (1) |
| AXIOS INDUSTRIAL MAINTENANCE<br>CONTRACTORS, INC.,<br>*Defendant* | JUDGE SARAH S. VANCE<br><br>MAGISTRATE JUDGE<br>JANIS VAN MEERVELD |

**REPORT AND RECOMMENDATION**

Plaintiff filed this lawsuit on September 19, 2024 in the 23rd Judicial District Court for St. James Parish Louisiana, and Defendant removed the matter to this Court on October 16, 2024. Rec. Doc. 1. Trial is scheduled for June 23, 2025, and discovery closed on April 15, 2025. Rec. Doc. 18.

On February 7, 2025, Defendant served its first requests for production and interrogatories on Plaintiff, which were due March 10, 2025. On March 6, 2025, a few days prior to the date discovery responses were due, Plaintiff's counsel, Jill L. Craft and W. Brett Conrad, filed a Motion to Withdraw as Counsel of Record, citing their inability to "secure cooperation with and communication to/from the plaintiff in order to adequately represent her" as the basis for the withdrawal. Rec. Doc. 24. In the motion, Plaintiff's counsel indicated that, "Plaintiff has been notified of undersigned counsel's desire to withdraw and has been advised of all pending Court dates in this matter, all deadlines, and provided a copy of the Court's Scheduling Order. There is currently a deadline of March 10, 2025, by which plaintiff is to respond to defendant's discovery requests and of which plaintiff is aware." *Id.* The Court granted Plaintiff's counsel's motion to withdraw, and Plaintiff is now proceeding pro se. Rec. Doc. 25.

1

The discovery remains outstanding, however, despite Plaintiff's awareness of the March 10, 2025 deadline and Defendant's attempts to contact Plaintiff via telephone and twice via certified mail regarding the overdue discovery responses. Thus, with no response from Plaintiff, Defendant was forced to file a Motion to Compel Documents and Discovery Responses on March 31, 2025. Rec. Doc. 26. This Court set oral argument on Defendant's Motion to Compel to be held on April 16, 2025 at 11:00 a.m., and in its order the Court provided, "Plaintiff is cautioned that failure to appear in Court as ordered may result in dismissal of Plaintiff's lawsuit for failure to prosecute." Rec. Doc. 27. Yet, Plaintiff failed to appear.

Defendant's counsel, on the other hand, appeared. At oral argument on the motion to compel, Defendant's counsel indicated that in addition to the overdue discovery responses, Defendant was also unable to secure Plaintiff's participation in a deposition. Although Plaintiff responded to Defendant once noting her unavailability to participate in a deposition on April 7, 2025, Plaintiff failed to respond to defense counsel as to her availability on any other dates. Without any response from Plaintiff, Defendant set the deposition for April 14, 2025, but Plaintiff did not appear. In short, since at least February 7, 2025, Plaintiff's lack of communication and unresponsiveness has stymied Defendant's ability to conduct any discovery in this matter prior to the April 15, 2025 discovery deadline.

Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Rules] or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "In addition to the authority granted by Rule 41(b), a federal district court possesses the inherent authority to dismiss an action for want of prosecution, which it may exercise on its own motion when necessary to maintain the orderly administration of justice." *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980). Because

dismissal with prejudice is "an extreme sanction," such dismissal "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists, and a lesser sanction would not better serve the interests of justice." *Id.* (citations omitted). Where the statute of limitations would bar future litigation, a dismissal without prejudice is subject to the same standard. *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981).

Plaintiff's failure to respond to Defendant's outstanding discovery requests and failure to abide by the Court's order directing Plaintiff to appear in person for oral argument regarding those outstanding discovery requests demonstrates a clear record of delay. This is further supported by Plaintiff's previous counsel's withdrawal from the case because of their inability "to secure cooperation with and communication to/from the plaintiff in order to adequately represent her." Rec. Doc. 24. Accordingly,

IT IS RECOMMENDED that Plaintiff's Complaint be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 16th day of April, 2025.

Janis van Meerveld
United States Magistrate Judge